UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK CONNOLLY,

    Petitioner,

-vs-                                                Case No. 6:11-cv-385-Orl-35GJK
                                                      (Criminal Case No.: 6:09-cr-47-Orl-35GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Patrick Connolly (Doc. No. 6). The Government filed a response (Doc. No. 11) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply (Doc. No. 12) to the response.

Petitioner alleges four claims for relief in his motion: (1) his arrest was unlawful; (2) there was "governmental misconduct"; (3) there was "judicial misconduct"; and (4) he received ineffective assistance of counsel.

### *I.   Procedural History*

Petitioner was charged in a twelve-count superseding indictment with the commission of various crimes. *See* Criminal Case No. 6:09-cr-47-Orl-35GJK, Doc. No.

28, filed May 20, 2009 ("Criminal Case").  Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to count one of the superseding indictment (Criminal Case Doc. No. 58).  Petitioner entered his plea of guilty before Magistrate Judge Gregory J. Kelly, who filed a Report and Recommendation Concerning Plea of Guilty recommending that the plea agreement and the plea of guilty be accepted and that Petitioner be adjudicated guilty and have sentence imposed accordingly (Criminal Case Doc. No. 62).

On February 1, 2010, the Court entered an Order in which the Report and Recommendation was accepted, affirmed, and adopted (Criminal Case Doc. No. 69). The Court also found that Petitioner knowingly, intelligently, and voluntarily entered the plea of guilty to count one of the superseding indictment.  A sentencing hearing was conducted on June 21, 2010.  On July 7, 2010, the Court entered a Judgment in a Criminal Case in which Petitioner was adjudicated guilty of the offense of sexual exploitation of children (count one) and sentenced to imprisonment for a total term of 360 months, to be followed by supervised release for a term of life (Criminal Case Doc. No. 78).[2]  Petitioner's direct appeal was dismissed for want of prosecution (Criminal Case Doc. No. 90).

## II.     Analysis of Petitioner's Claims

### A.     Claims One, Two, and Three

Claims one, two, and three were not raised on direct appeal.  "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced

---

[2] Counts two through twelve were dismissed based on the Government's motion.

on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990) ("In a section 2255 federal habeas motion, a movant may not raise claims that were not presented on direct appeal unless he can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors."). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills*, 36 F.3d at 1055. Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default. *Mills*, 36 F.3d at 1055.

In the present case, Petitioner has not demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. Likewise, Petitioner has not shown the applicability of the fundamental miscarriage of justice exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Petitioner's failure to raise these claims on direct appeal constitutes a waiver and bars him from raising these claims in the instant proceeding. As a result, claims one, two, and three are **DENIED**.

### B.   *Claim Four*

Petitioner states that he received ineffective assistance of counsel because of the following: (1) counsel failed to seek dismissal of certain counts in the superseding

indictment; (2) counsel failed to file a motion to suppress evidence that was illegally obtained from his place of employment in Iraq; (3) counsel failed to obtain "outside assistance" from "British organizations" that provided free assistance to British nationals who had been detained overseas; (4) counsel failed to gather evidence in a timely manner and to investigate witnesses; (5) Petitioner was "forced to enter a guilty plea to count one . . . ."; (6) counsel failed to properly advise him about the potential sentencing enhancements and restitution; and (7) counsel failed to challenge a perjury by the victim.  See Doc. No. 6 at 4-12.

    1.    *Legal Standard*

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."  The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.  The first prong of the Strickland test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  The second prong of the Strickland test requires the defendant to show that the deficient performance prejudiced the defense.  Id. at 687.  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.  *Id.* at 689-90.

*2.   Issue One*

Petitioner states that counsel failed to seek dismissal of certain counts in the superseding indictment. According to Petitioner, "a number of counts . . . were committed by someone else," and one count improperly alleged that a crime had been committed against a "non US citizen who was residing outside the" United States.

The Court finds that Petitioner has not shown a basis for the dismissal of the indictment. Petitioner's contention that he did not commit the crimes relates to the sufficiency of the evidence, which would be challenged at trial through a motion for a judgment of acquittal.

Petitioner's contention that the indictment was defective on the basis that a victim was located outside the United States is likewise without merit. Count twelve of the superseding indictment stated that Petitioner, in violation of 18 U.S.C. § 875(d), "knowingly and willfully transmit[ted] in interstate and foreign commerce a communication containing a threat to injure the reputation of the addressee and of another . . . ." *See* Criminal Case Doc. No. 28 at 7. "Foreign commerce" is defined to include "commerce with a foreign country." 18 U.S.C. § 10.

Consequently, there has been no showing that counsel acted deficiently with regard to this matter or that Petitioner sustained prejudice. As a result, this issue is denied.

*3.   Issue Two*

Petitioner states that counsel failed to file a motion to suppress evidence that was allegedly illegally obtained from his place of employment in Iraq. According to

Petitioner, after his arrest, his "property was removed from his accommodation by his employer," and "[f]ederal authorities seized a number of items from [his] property without the benefit of subpoena or search warrant." See Doc. No. 6 at 9.

Here, Petitioner provides no specifics as to the property that was removed. Further, Petitioner does not identify the evidence that should have been suppressed or what effect a successful motion would have had on his decision to plead guilty. Petitioner's allegations in support of this issue are self-serving and conclusory, and he fails to offer any evidentiary support with regard to this matter. See Hollis v. United States, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255). Since Petitioner has not shown that there was any basis to support a motion to suppress, counsel did not act deficiently with regard to this issue, and there has been no showing of prejudice. Consequently, this issue is **DENIED.**

    4.    *Issue Three*

Petitioner states that counsel failed to obtain "outside assistance" from "British organizations" that provided free assistance to British nationals who had been detained overseas.

This issue is without merit because Petitioner has not established that counsel was obligated to seek "outside assistance." In particular, he fails to set forth the substance of the outside assistance or what effect the outside assistance would have had on his decision to plead guilty. Again, Petitioner's allegations with regard to this matter are too vague and conclusory to support an ineffective of assistance claim.

Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably, and Petitioner has failed to satisfy either prong of the *Strickland* test. As a result, this issue is **DENIED**.

    *5.*    *Issue Four*

Petitioner states that counsel failed to gather evidence in a timely manner and to investigate witnesses. Specifically, Petitioner mentions that "illegal hacking activity was taking place against [his] computer accounts and specific online screen names," and his wife "suspected that someone was illegally accessing her computer." *See* Doc. No. 6 at 10.

Aside from vague and conclusory allegations, Petitioner presents no evidence of "hacking activity." Without any evidence of the hacking activity, Petitioner cannot show that he was prejudiced by his counsel's alleged failure to investigate this matter. *See Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004).

Moreover, in the plea agreement, Petitioner acknowledged the acts of sexual exploitation of children that he committed, and, at the plea hearing, he stated that the statement of facts in the plea agreement was accurate. *See* Criminal Case Doc. No. 58 at 12-15 and Doc. No. 100 at 20. Further, at the plea hearing, the prosecutor set forth the factual basis for the plea, which described the criminal acts committed by Petitioner, and Petitioner stated that those facts were true and accurate. *See* Criminal Case Doc. No. 100 at 31. Petitioner never mentioned that his computer had been the subject of hacking activity.

As the Supreme Court held in *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), "the representations of the defendant [at the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Petitioner has not made a sufficient showing to refute the veracity of his responses at the plea hearing or the weight his plea should be accorded in this Court. Consequently, Petitioner has failed to meet either prong of the *Strickland* test with regard to this matter.

As to the failure to investigate witnesses, Petitioner identified his wife and persons who had "frequent access to all the computer equipment used as evidence in this criminal action" as potential witnesses. *See* Doc. No. 6 at 10-11.

The law does not favor ineffective assistance of counsel claims based on complaints of uncalled witnesses. *See Gasanova v. United States*, 2007 WL 2815696, at \*9 (W.D. Tex. September 6, 2007) (citations omitted) (footnotes omitted). The presentation of witness testimony is highly strategic, and it is, therefore, within trial counsel's domain. *Id.* Mere speculation as to the testimony an uncalled witness would have given is too uncertain. *Id.* A petitioner cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim. *Id.* In the case of an uncalled witness, at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given if called at trial. *Id.* To show prejudice, the petitioner must show not only

that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial.  *Id.*

Here, Petitioner fails to meet either prong of the *Strickland* standard since he has not demonstrated that the testimony of these witnesses would have been favorable or that these witnesses would have actually testified.  Consequently, this issue is **DENIED**.

      *6.*     *Issue Five*

Petitioner states that he was "forced to enter a guilty plea to count one . . . ." According to Petitioner, counsel informed him that, if he did not plead guilty, he "would go to prison for the rest of his life," and counsel "used [Petitioner's] wife and new born son as leverage to obtain this guilty plea."

Petitioner stated in his plea agreement that he was "entering into this agreement and is pleading guilty freely and voluntarily . . . and without threats, force, intimidation, or coercion of any kind."  See Criminal Case Doc. No. 58 at 11.  He also stated at the plea hearing that no one had done anything "in order to pressure [him] into entering a guilty plea" and that he was entering his plea freely and voluntarily.  *See* Criminal Case Doc. No. 100 at 8.  The record in this case reflects that Petitioner understood the charges against him, understood the consequences of his plea, and voluntarily chose to enter his plea of guilty without being forced or coerced in any manner.  Given Petitioner's testimony at the plea hearing and the provisions of the plea agreement, Petitioner's allegations with regard to this claim are without merit.  Therefore, the Court finds that this claim must be **DENIED**.

*7.     Issue Six*

Petitioner states that counsel failed to properly advise him about the potential sentencing enhancements and restitution.

The plea agreement specifically set forth the potential penalties in this case:

> Count One is punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a fine of $250,000, a term of supervised release of not less than 5 years up to life, and a special assessment of $100, said special assessment to de due on the date of sentencing.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

*See* Criminal Case Doc. No. 58 at 1-2.  At the plea hearing, the Court explained to Petitioner that the maximum sentence was imprisonment for a term of thirty years, that the maximum fine was $250,000, that there would be supervised release for a minimum of five years, and that Petitioner had "agreed to make restitution to all the victims identified in counts 1 through 12 and the victims identified in the 404 statement . . . ." *See* Criminal Case Doc. No. 100 at 17-18.  Petitioner informed the Court that he understood all of these matters. *Id.*

The record reflects that Petitioner was not misled or misinformed as to the sentence he would receive, and every effort was made to help Petitioner understand his rights and options.  Petitioner knew the maximum sentence that could be imposed, and he was aware that he would be required to make restitution to all the victims.  As a result, Petitioner has not shown that he received ineffective assistance of counsel, and this issue is denied.

*8. Issue Seven*

Petitioner states that counsel failed to challenge a perjury by the victim. The only matter specifically described by Petitioner involves the victim's allegedly false testimony that she met with Petitioner in the United States on the date set forth in count one of the superseding indictment. According to Petitioner, he was not in the United States at that time.

In the plea agreement, Petitioner stated that he traveled to Orlando, Florida to meet the victim. *See* Criminal Case Doc. No. 58 at 13. At the plea hearing, the prosecutor summarized the facts of the case, which included that, "[i]n July 2004, [Petitioner] traveled to Orlando, Florida to meet the victim." *See* Criminal Case Doc. No. 100 at 28. Petitioner informed the Court that the prosecutor's summary of the facts was true and accurate. *Id*. at 31.

As noted earlier, Petitioner's representations at the plea hearing constitute a formidable barrier in any subsequent collateral proceedings. "Solemn declarations in open court carry a strong presumption of verity." See *Blackledge*, 431 U.S. at 73-74. In light of Petitioner's representations in the plea agreement and at the plea hearing, Petitioner has failed to demonstrate that counsel was ineffective with regard to this matter. As a result, this issue is **DENIED**.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.     The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Patrick Connolly (Doc. No. 6) is **DENIED**.

2.     This case is **DISMISSED** with prejudice.

3.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A copy of this Order and the judgment shall also be filed in criminal case number 6:09-cr-47-Orl-35GJK.

4.     This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 29th day of January 2013.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 1/29
Patrick Connolly
Counsel of Record